IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:19-cv-00150 |
| ) | |
| 2.93 ACRES OF LAND, OWNED BY LOIS ) | By: Elizabeth K. Dillon |
| KING WALDRON AND LOIS MABEL ) | United States District Judge |
| WALDRON MARTIN, ROANOKE ) | |
| COUNTY TAX MAP PARCEL NO. 110.00- ) | |
| 01-50.00-0000 AND BEING MVP PARCEL ) | |
| NO. VA-RO-057, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

At issue in this condemnation action brought by Mountain Valley Pipeline, LLC (MVP) is an attorney fee dispute that arose after the landowners in this case, defendants Lois King Waldron and Lois Mabel Waldron Martin, fired their attorneys. The Waldrons' former attorneys—Charles M. Lollar, Charles M. Lollar, Jr., and the law firm of Lollar Law, PLLC (Lollar Law or Lollar)—seek to recover fees from the Waldrons for work performed while representing them. The Waldrons object on the grounds that they had just cause to fire Lollar Law.

The parties filed competing motions on these issues, which the court referred to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On October 25, 2019, the magistrate judge issued his R&R, recommending that the court find that Lollar Law has a valid and enforceable lien for their fees and that the court award attorneys' fees to Lollar Law in the amount of $15,000. (Dkt. No. 26.) The Waldrons' objection to the magistrate judge's R&R is before the court for resolution.

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

recommendation. Accordingly, the court will adopt the R&R, deny the Waldrons' motion for attorneys' fees lien resolution, grant in part the motion by Lollar Law for recover of attorneys' fees, and award $15,000 in attorneys' fees to Lollar Law.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–3.) For present purposes, the court notes that Lollar Law represented the Waldrons from November 2017 until March 2019. Lollar Law agreed to represent the Waldrons on a "contingent fee equal to one-third of any recovery . . . above the September 6, 2017 written offer by MVP of $43,061.29." (*Id.* at 2.) In February 2019, MVP made a settlement offer of $110,000, and a route variance to avoid a rock shelter the Waldrons wanted to protect. The Waldrons rejected this settlement offer against the advice of counsel. On March 12, 2019, the magistrate judge denied Lollar Law's motion to withdraw. Lollar Law remained counsel until March 26, 2019, when the Waldrons retained attorney Joseph Sherman and filed a motion to substitute. On April 10, 2019, the Waldrons settled with MVP for $110,000, but without a route variance.

## II. DISCUSSION

**A. Standard of Review**

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The de novo requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

2

Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). General or conclusory objections are the equivalent of a waiver. *Id.*

**B. Analysis**

As the magistrate judge explained, when "an attorney employed under a contingency fee contract is discharged without just cause and the client employs another attorney who effects a recovery, the discharged attorney is entitled to a fee based upon quantum meruit for services rendered prior to discharge . . . ." *Heinzman v. Fine, Fine, Legume & Fine*, 234 S.E. 2d 282, 286 (Va. 1977).[1] The magistrate judge found that the Waldrons did not have just cause to discharge Lollar Law. "Lollar Law's essential purpose in representing the Waldrons was, first, to try to stop MVP from taking their property, and, then, to obtain full and fair compensation from MVP for the value of the land taken. The evidence shows that Lollar Law worked hard to advance these purposes . . . ." (R&R 5.) The magistrate judge also found that Lollar Law had just cause to withdraw as counsel, even though the court did not permit withdrawal initially. "At bottom, the attorney-client relationship had soured and the necessary foundation of trust and cooperation between an attorney and client was gone." (*Id.* at 6.)

The Waldrons argue that Lollar Law was responsible for the breakdown in communication between attorney and client. As it pertains to the attempt to secure a variance, for example, the Waldrons complain that, in April 2018, Lollar placed the burden on Ms. Martin, causing a "breakdown in communication and trust." This argument is contrary to the magistrate judge's finding that the "hearing testimony and reconstructed time records show Lollar Law communicated

---

[1] Virginia law applies, and the court has jurisdiction to resolve this dispute. *See, e.g.*, *Atl. Coast Pipeline, LLC v. 10.61 Acres*, Civil Action No. 3:18-cv-00071, 2019 WL 5104755, at *2 (W.D. Va. Oct. 11, 2019) (explaining that the Fourth Circuit and "district courts within the Fourth Circuit have held that district courts may exercise supplemental (or ancillary) jurisdiction over attorney's fees disputes that are related to the underlying action") (collecting cases).

adequately with the Waldrons, both in-person and over e-mail and telephone, and did a substantial amount of work in this case, capably representing the Waldrons." (R&R 5.) Moreover, whatever was happening in April 2018, Lollar successfully obtained a variance as part of a settlement offer almost a year later in March 2019.

The Waldrons further recite a series of complaints related to Lollar's purported failure to prepare for trial on the just compensation issue, including finding an appraiser or developing a contingency plan to try the case without an appraiser. As the magistrate judge explained, however,

> Ms. Martin's testimony showed the Waldrons and Lollar Law had suffered a breakdown in communication and trust, and that the Waldrons *were not cooperating in preparing for trial*. Lollar Law had informed the Waldrons of the steps needed to prepare for trial and comply with the pre-trial scheduling order, including obtaining an appraisal of the property. However, *Ms. Martin testified that she instructed her attorney not to call her, refused to answer his repeated phone calls, and did not want to obtain an appraisal, even though her attorney had explained the need for an appraisal at trial*.

(R&R 6 (emphasis added).) In sum, based on the court's de novo review of the record, the court agrees with the magistrate judge that the difficulty preparing for trial was due to a breakdown in the attorney-client relationship, not a lack of effort or diligence on the part of Lollar Law.

The Waldrons also take issue with the magistrate judge's award of $15,000 in fees. After explaining that any potential fee is limited by the contingency fee agreement,[2] the magistrate judge found that a "blended rate" of $275 per hour was a reasonable hourly rate, and that 39.1 hours was a reasonable number of hours, yielding $10,752.50 as a starting point for a quantum meruit award. Then, applying the remaining quantum meruit factors in *County of Campbell v. Howard*, 112 S.E. 876, 885 (Va. 1922), the court recommended increasing the award to $15,000. In particular, the

---

[2] Had Lollar Law remained the Waldrons' lawyers, the maximum recovery under the contingency arrangement would have been $22,312.

court noted that awarding $10,752.50, using an attorney fee rate of $275, "would not sufficiently account for the contingent nature of the representation in this case, especially when considered with other factors in the quantum meruit analysis." (R&R 13.)

The Waldrons argue that the 39.1 hours used to calculate the fee should not be taken at face value and instead should be discounted for vagueness and block billing. The magistrate judge, however, explicitly accounted for block billing in arriving at 39.1 hours. As the judge explained, Lollar Law submitted reconstructed billing records showing that it spent 136.83 hours working on the case, but "made no attempt to identify which attorney worked on any particular task," and moreover, the reconstructed records included "a number of entries that represent time spent on behalf of all Lollar Law's clients involved in the just compensation case with MVP, and not just the Waldrons." (R&R 9–10.) Thus, the magistrate judge applied a blended hourly rate and discounted the hours claimed by Lollar Law to "reflect that a portion of the work performed was for the benefit of all their condemnation clients, not just the Waldrons." (R&R 10.) The Waldrons also assert that of the 39.1 hours used in the R&R to calculate the fee, "none of them resulted in any discoverable or admissible evidence for use by substitute counsel in attempting to prepare the case for trial." (Defs.' Objections 4, Dkt. No. 27.) Even if true, this does not mean that Lollar Law should not be compensated for its time, especially considering that Lollar Law secured a better result than that which was eventually obtained. *See County of Campbell*, 112 S.E. at 885 (listing factors to consider, including the "result secured by the services of the attorney . . . as bearing upon the consideration of the efficiency with which they were rendered, and, in that way, upon their value on a quantum meruit").

III. CONCLUSION

After a review of the record, the court concludes that the Waldrons did not have just cause to

discharge Lollar Law, and that Lollar Law is entitled to $15,000 in attorney's fees in quantum meruit for legal services performed.  The court will issue an appropriate order.

Entered: December 13, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge